UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH MURCHISON,       :  4:16-CV-00206
                                :
         Plaintiff        :
                                :  (Judge Brann)
      v.               :
                                :  (Magistrate Judge Schwab)
UNITED STATES OF AMERICA, *et al.*, :
                                :
       Defendants     :

## REPORT AND RECOMMENDATION

## I. Introduction.

The plaintiff, Kenneth Murchison, a federal prisoner proceeding *pro* se, claims that he was not provided appropriate medical care following surgery for colon cancer. The complaint fails to state a claim upon which relief may be granted against all the defendants except the United States. Although we previously granted Murchison leave to file an amended complaint, he has not filed an amended complaint. Thus, we recommend that all the defendants except the United States be dismissed.

## II. Factual Background and Procedural History.

Murchison is currently incarcerated at the Federal Correctional Institution at Butner, North Carolina, but his claims concern events that happened at the United States Penitentiary at Lewisburg, Pennsylvania. The defendants are: (1) the United

States of America; (2) "Named Unknown Federal Bureau of Prisons Employees, Medical/Security Staff"; (3) J.E. Thomas, the Warden of USP Lewisburg; (4) "other Wardens;" (5) Dr. Pigos; and (4) the Evangelical Community Hospital. *Doc. 1* at 1-2.

In June of 2014, Murchison had a colonoscopy at Evangelical Community Hospital, which revealed three tumors.   A biopsy, which was performed without Murchison's consent, revealed cancer.   Murchison alleges that although a doctor had recommended that he be transferred to a Level 4 hospital for surgery, that transfer was cancelled or disapproved by a Board of Health Administrators, and he had surgery for his colon cancer at Evangelical Community Hospital, which is a Level 2 hospital.   According to Murchison, prison security staff forced medical staff at Evangelical Community Hospital to discharge him too early—after only five days and while he had an infection in his surgical incision.   Murchison alleges that following his return to USP Lewisburg, he was not given the proper antibiotics and his infection spread.   According to Murchison, he was rotting alive, his intestines "literally, actually, and specifically fell out into [his] hands," he bled, and he almost died.

Murchison was taken back to Evangelical Community Hospital by ambulance and a second surgery was performed.   After that surgery, Murchison was bed ridden and temporarily paralyzed with a "wound-VAC" on his abdomen for almost a month, he suffered extreme pain, and he was scarred and disfigured.   According to Murchison, the second surgery could have been avoided had prison staff not forced him to be released from the hospital so soon after the first surgery.

After his second surgery, Murchison was transferred to the Federal Medical Center in Butner, North Carolina, which is a Level 4 facility, where Murchison received appropriate care.   But in October of 2014, he was then transferred to "Butner #2," where, according to Murchison, he is not receiving appropriate care.

Murchison contends that security and medical staff were grossly negligent. He also contends that they violated his Eighth Amendment right to be free from cruel and unusual punishment.   He seeks compensatory and punitive damages as well as preliminary injunctive relief and the appointment of counsel.

We previously denied Murchison's request for the appointment of counsel, granted Murchison's application for leave to proceed *in forma pauperis*, and after screening the complaint, concluded that the complaint fails to state a claim upon which relief may be granted against all the defendants except the United States.   We

granted Murchison leave to file an amended complaint, but he has not done so. Accordingly, we recommend that all the defendants except the United States be dismissed.

### III.   Screening of *In Forma Pauperis* Complaints—Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials.   Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."   This statutory text mirrors the

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).   The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).   "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox*

5

*Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994).   A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).   Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.   In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'   Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'   Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 675 & 679).

6

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).   Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## IV.   Discussion.

Murchison brings his claim under both the Federal Tort Claims Act (FTCA) and *Bivens*.[1]   The complaint states a FTCA claim against the United States upon

_____

[1]   *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).   In *Bivens*, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

which relief may be granted, but it fails to state any other claims upon which relief may be granted.

### A.   The United States is the Only Proper Defendant under the FTCA.

"The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).   Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."   28 U.S.C. § 1346(b).   The only proper defendant with respect to an FTCA claim is the United States. *See* 28 U.S.C. § 2679; *Feaster v. Fed. Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself.").   Moreover, constitutional

8

tort claims cannot be brought under 28 U.S.C. § 1346(b). *FDIC v. Meyer,* 510 U.S. 471, 477-78 (1994).

The complaint states an FTCA claim upon which relief may be granted against the United States.   The United States is the only proper defendant, however, with respect to Murchison's FTCA claim.   Thus, to the extent that Murchison is attempting to bring FTCA claims against any of the other defendants, those claims fail.

### B.   Murchison Cannot Pursue Negligence Claims Against the Individual Defendants.

Murchison appears to be attempting to assert negligence claims against the individual defendants.   But, except for constitutional claims or statutory claims, the FTCA is the exclusive remedy for the negligence or wrongful acts of federal employees acting within the scope of their employment.   28 U.S.C. § 2679(b) (1) provides that the remedy against the United States pursuant to the FTCA "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the

employee whose act or omission gave rise to the claim or against the estate of such employee."   Section 2679(b)(1) further provides that "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."   Because there are no allegations in the complaint that would lead to a reasonable inference that the defendants were not acting within the scope of their employment, Murchison may not pursue negligence claims against the individual defendants.   Rather, Murchison's remedy for any negligence on the part of prison staff is limited to his claim under the FTCA against the United States.

### C.   Murchison Cannot State *Bivens* Claims Against the United States or Against the Federal Officers in Their Official Capacities.

In contrast to FTCA actions, which must be brought against the United States, *Bivens* constitutional tort lawsuits can only be lodged against individual government officials.   Indeed, it is well-settled that *Bivens* actions against the United States—and, by extension, against federal officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity. *Meyer,* 510 U.S. at 483; *Huberty v. United States Ambassador to Costa Rica,* 316 F. App'x 120, 122 (3d Cir. 2008); *Jaffee v. United States,* 592 F.2d 712,

717 (3d Cir. 1979); *Bell v. Rossott,* 227 F.Supp.2d 315, 320 (M.D. Pa. 2002)

(dismissing claim against individual federal defendants sued in their official

capacity because the claims are essentially made against the United States).

Applying these legal principles here, to the extent that Murchison is

attempting to bring *Bivens* claims against the United States or against the other

defendants in their official capacities, the attempt fails.

### D.   The Complaint Fails to State *Bivens* Claims Upon Which Relief May Be Granted Against the Federal Officers in their Individual Capacities.

As to the Bivens claims against the federal officers in their individual

capacities, Murchison has not alleged facts from which it can reasonably be inferred

that the federal officers were personally involved in a violation of his constitutional

rights.   Accordingly, the complaint fails to state *Bivens* claims against the officers

in their individual capacities upon which relief may be granted.

Liability in a *Bivens* action is personal in nature, and to be liable, a defendant

must have been personally involved in the wrongful conduct.   In other words,

defendants are "liable only for their own unconstitutional conduct." *Barkes v. First*

*Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom.*

*Taylor v. Barkes,* 135 S.Ct. 2042 (2015).   And so respondeat superior cannot form

the basis of liability. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005).   Thus, a

constitutional deprivation cannot be premised merely on the fact that the defendant

was a prison supervisor when the incidents set forth in the complaint occurred. *See*

*Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008).   "Because vicarious

liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has

violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

There are no allegations in the complaint regarding the named individual

defendants' involvement with Murchison's medical care or the decision about when

he was to be discharged from the hospital after the first surgery.   Thus, the

complaint fails to state a constitutional claim upon which relief may be granted

against the federal officers in their individual capacities.

## E.   The *Bivens* Claim Against the Evangelical Community Hospital Fails.

Any constitutional claim against Evangelical Community Hospital fails for a

different reason.   "A *Bivens* action, which is the federal equivalent of the [42

U.S.C.] §1983 cause of action against state actors, will lie where the defendant has

violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris*

*Inc.,* 250 F.3d 789, 800 (3d Cir. 2001).   Murchison has not alleged any facts that could lead to a reasonable inference that Evangelical Community Hospital, a private hospital, was acting under color of federal law, or under color of state law for that matter.   Thus, he fails to state a constitutional claim upon which relief may be granted against Evangelical Community Hospital.

### F.   Murchison's Request for Preliminary Injunctive Relief Is Moot.

In his complaint, Murchison requests a preliminary injunction and/or a temporary restraining order.   Murchison has not, however, filed a motion for either a preliminary injunction or a temporary restraining order.   Nevertheless, given that Murchison is no longer incarcerated at USP Lewisburg, his request for injunctive relief regarding conditions at USP Lewisburg is moot.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile*

13

*Male*, 131 S. Ct. 2860, 2864 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).   "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Lewis*, 494 U.S. at 477).   "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-27 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)). Generally, an inmate's transfer from the facility complained of moots claims for equitable and declaratory relief. *Sutton v. Rahseed,* 323 F.3d 236, 248 (3d Cir. 2003); *Johnson v. Wenerowicz,* 440 F. App'x. 60, 62 (3d Cir. 2011) (holding that the prisoner's request for injunctive and declaratory relief against the named defendants was rendered moot by his transfer to another prison).

Since Murchison is no longer at USP Lewisburg and there is no basis alleged to reasonably believe that he will again be incarcerated at USP Lewisburg in the foreseeable future, his claims for injunctive and declaratory relief relating to conditions and events at that institution are moot.

14

To the extent that Murchison is attempting assert claims based on his medical care at "Butner #2," we note that venue for any such claims is proper in North Carolina, not this court.   And so any request for injunctive relief directed at "Butner #2" is not appropriate in this case.

### G.   Murchison Did Not File an Amended Complaint.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provision of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).   In light of the liberal-amendment requirement, we granted Murchison leave to file an amended complaint to attempt, if appropriate, to state *Bivens* claims against the individual officers in their individual capacities.   We noted that if Murchison did not file an amended complaint, we would order that the original complaint be served on the United States, and, we would recommend that all claims except the FTCA claim against the United States be dismissed.   The deadline for Murchison to file an amended complaint was May 31, 2016, and Murchison has not filed an amended complaint.

15

## V.   Recommendation.

Based on the foregoing, we recommend that all claims except the FTCA claim against the United States be dismissed and that case be remanded to the undersigned for further proceedings as to the FTCA claim.[2]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. ▯ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall

---

[2]   By a separate order, we have ordered that the complaint be served on the United States.

16

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of July, 2016.


**_S/Susan E. Schwab_**
Susan E. Schwab
United States Magistrate Judge