Case 4:16-cv-00206-MWB   Document 16   Filed 08/18/16   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KENNETH MURCHISON, | : | Civil Action No. 4:16-CV-0206 |
|---|---|---|
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| UNITED STATES OF AMERICA,<br>WARDEN THOMAS,<br>USP - LEWISBURG,<br>DR. PIGOS,<br>NAMES OF UNKNOWN STAFF<br>MEMBERS AT USP, LEWISBURG,<br>EVANGELICAL COMMUNITY<br>HOSPITAL AT LEWISBURG | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## ORDER

August 18, 2016

**BACKGROUND:**

On February 9, 2016, Plaintiff, Kenneth Murchison, filed the instant action against the above named defendants.[1] Murchison is becoming a "frequent-filer" in this Court. This is the fourth case brought by Murchison that I have presided over in my relatively short federal judicial career.

---

[1] ECF No. 1.

1

Murchison's first case, docketed to 3:11-CV-1944, was dismissed both for failure to state a claim upon which relief may be granted and because he had failed to exhaust his administrative remedies.  The United States Court of Appeals for the Third Circuit affirmed the dismissal on appeal.

Murchison's second case, docketed to 3:11-CV-2285, a Federal Tort Claims Act action, hereinafter "FTCA," was also dismissed both on the merits and for failure to exhaust administrative remedies.  The Third Circuit again affirmed.

The third action, docketed to 4:13-CV-2587, raises both FTCA and constitutional claims, is still pending in this Court.

The current action was reviewed by Magistrate Judge Susan E. Schwab, and a report and recommendation is pending.  The magistrate judge recommended dismissal of all claims with the exception of the FTCA claim.  Because the undersigned has undertaken an independent review of the report and recommendation and agrees with the recommended dismissals, the Court will not rehash the sound reasoning of the magistrate judge as to the recommended dismissals.  However, the undersigned must respectfully reject the suggestion that the FTCA medical malpractice claim survives, at least as it is cuurently plead.

The magistrate judge noted most of the deficiencies in the complaint and, on May 3, 2016, provided Murchison twenty-eight (28) days to file an amended

complaint in compliance with her order. He did not file an amended complaint when given the opportunity; accordingly, there will be no further opportunity to amend those claims that the magistrate judge already identified as failing to state a claim.

On July 11, 2016, the magistrate judge issued a report and recommendation to the undersigned recommending that the action be dismissed in its entirety, with the exception of the FTCA claim against the United States. Murchison has not filed objections.

The magistrate judge suggested that Murchison had stated an FTCA claim against the United States based on Murchison's allegations that based on an alleged lack of proper care post-surgery, while housed at USP-Lewisburg, Murchison developed an infection and was required to undergo a second surgery at Evangelical Community Hospital in Lewisburg, Pennsylvania. [2]

However, federal inmates are not relieved of the responsibility to file a Certificate of Merit under Pennsylvania law. The Third Circuit has affirmed that certificates of merit are required, even from federal inmates, stating,

> The FTCA requires a court to apply the tort laws of the state in which the

---

[2] Although Murchison noted the date of his colonoscopy as June 23, 2014 and the date of a second surgery to deal with the alleged infection as August 13, 2014, it is not clear precisely what date he had the first surgery and on what date he returned to USP-Lewisburg for surgical post-care.

alleged tort arose. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir.2000). Here, the alleged tort of medical malpractice occurred in Pennsylvania and Pennsylvania's law applies. Pennsylvania law requires a plaintiff alleging medical malpractice to file a [certificate of merit] "COM." The certificate must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir.2011).[3]

Accordingly, the Court will adopt the report and recommendation, in part, with the addition that Murchison file a certificate of merit.

Additionally, the magistrate judge ordered service prior to the undersigned having completed review of the report and recommendation and the statutorily required screening of the complaint in accordance with 28 U.S.C. §§ 1915 and 1915A. This resulted in defendants recommended to be dismissed being served with process. Because of this, the time to answer for the only remaining defendant, the United States, will be stayed pending the filing of a certificate of merit. Should a certificate of merit be filed, the standard time to answer in accordance with the Federal Rules of Civil Procedure will began to run as of that date.

---

[3] *Baumgardner v. Ebbert*, 535 F. App'x 72, 77 (3d Cir. 2013)

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The report and recommendation of Magistrate Judge Schwab is ADOPTED in part and REJECTED in part.  July 11, 2016, ECF No. 12.

2. All defendants and claims are DISMISSED from the action, with the exception of a Federal Tort Claim Act against defendant United States.

3. Murchison is ordered to file a certificate of merit to the docket, in compliance with Pennsylvania law, by September 9, 2016.  If no certificate of merit is filed, the action will summarily be dismissed.  If a certificate of merit is filed, then the United States should file an answer to the complaint or any motions in accordance with the Federal Rules; the filing period shall commence on the date the certificate of merit is filed.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge