UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KENNETH MURCHISON, | : 4:16-CV-00206 |
|---|---|
| Plaintiff | : |
| | : (Judge Brann) |
| v. | : |
| | : (Chief Magistrate Judge Schwab) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

# REPORT AND RECOMMENDATION

## I. Introduction.

The plaintiff, Kenneth Murchison, a federal prisoner proceeding *pro* se, claims that he was not provided appropriate medical care following surgery for colon cancer. The only remaining defendant is the United States. Because Murchison failed to file a certificate of merit in support of his Federal Tort Claims Act (FCTA) claim, we recommend that the Court grant the motion for summary judgment filed by the United States and dismiss the case.

## II. Factual Background and Procedural History.

Murchison is currently incarcerated at the Federal Correctional Complex at Allenwood, but his claims concern events that happened at the United States Penitentiary at Lewisburg, Pennsylvania. The defendants named in the complaint are: (1) the United States of America; (2) "Named Unknown Federal Bureau of

Prisons Employees, Medical/Security Staff"; (3) J.E. Thomas, the Warden of USP Lewisburg; (4) "other Wardens;" (5) Dr. Pigos; and (4) the Evangelical Community Hospital. *Doc. 1* at 1-2.

In June of 2014, Murchison had a colonoscopy at Evangelical Community Hospital, which revealed cancer, and he had surgery for his colon cancer. According to Murchison, prison security staff forced medical staff at Evangelical Community Hospital to discharge him too early—after only five days and while he had an infection in his surgical incision. Murchison alleges that following his return to USP Lewisburg, he was not given the proper antibiotics and his infection spread. Murchison was taken back to Evangelical Community Hospital, where a second surgery was performed. According to Murchison, the second surgery and resulting pain could have been avoided had prison staff not forced him to be released from the hospital so soon after the first surgery.

We denied Murchison's request for the appointment of counsel, granted his application for leave to proceed *in forma pauperis*, and after screening the complaint, concluded that the complaint fails to state a claim upon which relief may be granted against all the defendants except the United States. Although we granted Murchison leave to file an amended complaint, he did not do so. Thus, we

recommended that all the defendants except the United States be dismissed, and we ordered that the complaint be served on the United States. Judge Brann dismissed all defendants and all claims except the FTCA claim against the United States. But because Murchison had not filed a certificate of merit as required by Pennsylvania law, he rejected "the suggestion that the FTCA medical malpractice claim survives, at least as it is currently plead." *Doc. 16* at 2. He ordered Murchison to file a certificate of merit "in compliance with Pennsylvania law" by September 9, 2016, and he stated that if Murchison does not file a certificate of merit, "the action will summarily be dismissed." *Id.* at 5. After Murchison moved for an extension of the deadline to file a certificate of merit, Judge Brann extended that deadline to October 11, 2016. Murchison subsequently filed three documents that he titled, at least in part, as certificates of merit.

In November of 2016, the United States filed a motion for summary judgment, a brief, a statement of material facts, and documents in support of its motion. On December 16, 2016, Murchison filed a document entitled "Objection," which we construe as his brief in opposition to the motion for summary judgment.

## III. Discussion.

The United States contends that the Court should dismiss the FTCA claim against it because Murchison failed to file a proper certificate of merit as ordered by Judge Brann.

The FTCA provides, in relevant part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison because of the negligence of a government employee. *United States v. Muniz*, 374 U.S. 150 (1963). In an FTCA action, the Court applies the law of the state where the alleged tortious conduct occurred. 28 U.S.C. § 1346(b). In this case, because Murchison is complaining about acts and omissions that occurred in Pennsylvania, we apply the law of Pennsylvania.

Pennsylvania Rule of Civil Procedure 1042.3(a) requires a certificate of merit in professional liability cases:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party [certifying] that either

4

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> > (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> > (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Rule 1042.3(e) further provides that "[i]f a certificate of merit is not signed by an attorney, the party signing the certificate of merit, shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2)." The form a certificate of merit should take is set forth in Pa.R.Civ.P. 1042.10 (providing that the certificate "shall be substantially on the following form" and then setting forth the three alternatives under Pa.R.Civ.P 1042.3(a) with a box for a checkmark before each alternative).

The certificate-of-merit requirement applies to civil actions in which a professional liability claim is asserted against a licensed professional, Pa.R.Civ.P. 1042.1(a), and it is a substantive law that applies in federal court to claims brought

under the court's diversity jurisdiction. *Liggon-Redding v. Estates of Sugarman,* 659 F.3d 258, 265 (3d Cir. 2011). It also applies to FTCA claims based on medical malpractice. *See Smith v. United States*, 498 F. App'x 120, 121 (3d Cir. 2012) (agreeing with the district court's decision to dismiss an FTCA claim of medical negligence because the plaintiff failed to file a certificate of merit); *Hodge v. U.S. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (same).

When a plaintiff fails to submit a required certificate of merit, dismissal without prejudice is warranted. *See Davis v. Pennsylvania Dep't of Corr.*, 3:12-CV-02161, 2013 WL 6837797, at *1 (M.D. Pa. Dec. 23, 2013). "That ultimate consequence of the failure to comply—termination of the suit—is effectuated in state court upon the filing of a praecipe with a prothonotary, who in turn enters a judgment of non pros." *Schmigel v. Uchal*, 800 F.3d 113, 117 (3d Cir. 2015) (footnote omitted). But before seeking non pros, a defendant generally must file a written notice of intention to file a praecipe of non pros and serve that notice on the plaintiff "no sooner than the thirty-first day after the filing of the complaint." Pa.R.Civ.P. 1042.6 (a). Notice is not required, however, before a judgment of non pros may entered where "the court has granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time." Pa.R.Civ.P.

1042.6(b). Like the certificate-of-merit requirement, "[t]he condition of thirty days' notice prior to seeking dismissal of an action for failure to comply with the [certificate of merit] regime is substantive and must be applied in federal court." *Schmigel*, 800 F.3d at 124.

There is no prothonotary in the federal system and dismissal is sought by filing an appropriate motion, not a praecipe. *See* Fed.R.Civ.P. 7(b) ("A request for a court order must be made by motion."). The Third Circuit has "rejected the argument that the differences in the mechanism to accomplish [a] dismissal, i.e., a praecipe filed with a prothonotary in state court versus the filing of an appropriate motion in federal court," raises a conflict. *Schmigel*, 800 F.3d at 122. It also maintains that the certificate-of-merit "requirement and its conditions are facts that can form the basis of a motion for summary judgment." *Id.*

Here, Judge Brann has already determined that Murchison must file a certificate of merit "in compliance with Pennsylvania law." *Doc. 16* at 5. His order to Murchison to file a certificate of merit provided Murchison with notice of the requirement. Moreover, Judge Brann granted Murchison's motion for an extension of time to file his certificate of merit, and so, in accordance with Pa.R.Civ.P. 1042.6(b), no further notice to Murchison was required.

On September 9, 2016, Murchison filed a document that he titled as a "Certificate of Merit." *Doc. 21*. In this document, Murchison sets forth his opinion that his claim has merit, and he attached to the document a copy of letter to Dr. Joseph Mucciolo, in essence asking Dr. Mucciolo to provide a certificate of merit. On October 14, 2016, Murchison filed a document that he titled as an "Amended, Certificate of Merit." *Doc. 25*. In this document, Murchison asserts that his medical records and testimony from medical professionals will show that his claim has merit. He also suggests that although he sought certificates of merits from Dr. Mucciolo and a Dr. Edinger, those doctors are "hostile witnesses" and have not provided any certificate of merit. *Id*. at 1. On January 11, 2017, Murchison filed a document titled "Supplemental Addendum, to Certificate of Merit." *Doc. 31*. In this document, Murchison complains about mail addressed to him from the Court being opened outside his presence, and he requests that as a result, the defendant should be sanctioned and its motion for summary judgment denied.

Although Murchison filed three documents that he titled as certificates of merit, none is a certificate of merit that complies with Pennsylvania law either in form or content. None of Murchison's filings is on the form prescribed by Pa.R.Civ.P. 1042.10. Moreover, none of Murchison's filings states that "(1) an

8

appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa.R.Civ.P. 1042.3(a). "[W]here a purported certificate of merit merely recites that the plaintiff possesses knowledge of his case, that filing does not comply with Rule 1042.3, and the plaintiff's malpractice claim may be subject to dismissal." *Davis*, 2013 WL 6837797, at *10. "Similarly, a plaintiff may not satisfy Rule 1042.3 by merely acknowledging the requirement of the rule and promising to comply at some future time." *Id.* Here, because Murchison has not filed a certificate of merit "in compliance with Pennsylvania law" as ordered by Judge Brann*, doc. 16* at 5, we will recommend that the case be dismissed.[1]

---

[1] The United States also moved for summary judgment on the basis of the

## IV. Recommendation.

Based on the foregoing, we recommend that the United States' motion (doc. 26) for summary judgment be granted and that the case be dismissed because Murchison has not filed a proper certificate of merit.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. ⸺ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

---

statute of limitations. It suggests that the FTCA's statute of limitations is jurisdictional. *Doc. 27* at 8 ("Thus, to have jurisdiction, a plaintiff must satisfy a two-year statute of limitations to file an administrative claim, then another six-month statute of limitations to file a federal lawsuit."). But the Supreme Court has held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 135 S.Ct. 1625, 1638 (2015). Because the statute of limitations is not jurisdictional, we need not address the statute of limitations before addressing the certificate-of-merit issue. And because Murchison failed to file a proper certificate of merit as ordered by Judge Brann, we need not address the statute of limitations.

which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of April, 2017.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge