# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MURCHISON, | : | No. 4:16-cv-00206 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 25th day of April, 2017, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation, set forth in a pro se filing at ECF No. 38, are **OVERRULED**:

    a. Objection #1: "The Federal Tort Claims Act waives sovereign immunity and grants district courts jurisdiction over tort claims against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Clayton v. United States, 913 F. Supp. 2d 80, 84 (D.N.J. 2012) (quoting 28 U.S.C. § 1346(b)(1)). "In

other words, 'it is the substantive law of the State wherein the cause of action accrues which governs the liability of the United States on claims brought under the Federal Tort Claims Act.'" Clayton, 913 F. Supp. 2d at 84 (Ciccarone v. United States, 486 F.2d 253, 257 (3d Cir. 1973).

b. Objection #2: "[T]he [certificate of merit] requirement and its conditions are facts that can form the basis for a motion for summary judgment." Schmigel v. Uchal, 800 F.3d 113, 122 (3d Cir. 2015) (Krause, J.). Neither is it a viable response to flatly contend without proof of the most exceptional circumstances, that a certificate of merit is "impossible to obtain." In my view, that reality perhaps suggests that the certificate of merit requirement has done its job in the instant dispute. Moreover, this Court has previously afforded the Plaintiff ample extensions to obtain the necessary certification.

c. Objection #3: "[F]ailure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss." Davis v.

Pennsylvania Dep't of Corr., No. 3:12-CV-02161, 2013 WL 6837797, at *9 (M.D. Pa. Dec. 23, 2013) (Mariani, J.) (internal citation omitted).

d. Objection #4: Nothing in our common law tradition of justice prevents a judge from employing a "belt and suspenders" approach to her analysis. To the contrary, such a tactic is an advisable one were we to truly prioritize finality. Nevertheless, Plaintiff also reads too much into a footnote that did not even purport to reach certain of the conclusions about which he now complains.

e. Objection #5: "Under Pennsylvania law, a certificate of merit must be filed either with the complaint or within sixty days after the filing of the complaint in any action asserting a professional liability claim based upon the allegation that a licensed professional deviated from an acceptable professional standard." Brownstein v. Gieda, No. 3:08CV1634, 2009 WL 2513778, at *3 (M.D. Pa. Aug. 13, 2009) (Munley, J.) (internal citation and quotation marks omitted).

f. Objection #6: This motion concerns the grant or denial of summary judgment, not the dismissal of a complaint.

g. Objection #7: <u>See</u> Response to Objection #1.

2. The Report and Recommendation entered by Chief United States Magistrate Judge Susan E. Schwab, ECF No. 37, is **ADOPTED**.

3. Defendants' Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

4. Plaintiff's subsequent, late Motion for an Extension of Time to File a Certificate of Merit, ECF No. 39, is **DENIED**.

5. The Clerk of Court is directed to:

a. Enter judgment in favor of the Defendants;

b. Docket this Order as a "written opinion," pursuant to the E-Government Act of 2002; and

c. Close this case.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge